IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| TOMMY DULES, BOBBY GIBSON, BEN WINSTON, KENT CRIDER, and TIM JOHNSON, | )<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 2:17-cv-150-KS-MTP |
| vs. | ) |
| CITY OF LUMBERTON and JOHN DOES 1-5, | )<br>) |
| Defendants. | ) |

**DEFENDANT CITY OF LUMBERTON'S
MOTION TO DISMISS AMENDED COMPLAINT**

COMES NOW Defendant City of Lumberton ("Defendant City"), by and through counsel, and files this Motion to Dismiss the Amended Complaint (Doc. 12), pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. In support thereof, Defendant City states as follows:

**I.      MATERIAL ALLEGATIONS**

All Plaintiffs previously "served as elected officials for the City of Lumberton." Am. Compl. ¶ 11. "In July of 2017, a new board of alderman was sworn into office, with its new mayor Quincy Rogers." Id. ¶ 12. "After the new board took office, the Plaintiffs made a request to be paid their lawful wages and salary for their respective times in office," which times ended "in or around the summer of 2013." Id. ¶ 13-14. For purposes of this motion to dismiss, the Court may accept as true that the "City, arbitrarily and capriciously, chose to pay Mr. Rogers for claimed wages dating back as far as 2010, and ending in or around the summer of 2013. Upon belief, other officials were paid for unpaid wages during these same time periods." Id. ¶ 14. "The City of

Lumberton flatly rejected to pay the Plaintiffs their lawfully owed wages during these same time periods[.]" Id. ¶ 15.

## II.  STANDARD OF REVIEW

Defendant City reserves the right to assert legal, factual, and equitable defenses to Plaintiffs' claim, but for purposes of this motion to dismiss, the Court may accept the allegations as stated in the Amended Complaint as true.  "A Rule 12(b)(6) motion to dismiss for failure to state a claim is an appropriate method for raising a statute of limitations defense." Mann v. Adams Realty Co., 556 F.2d 288, 293 (5th Cir. 1977).  "A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading. Since 9(f) makes averments of time material, the inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim.  Mann v. Adams Realty Co., 556 F.2d 288, 293 n.6 (5th Cir. 1977) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure s 1357)).

## III.  ARGUMENT

### A.  COUNTS I and II

In this case, Plaintiffs admit that the latest payment to which they seek entitlement was for claimed wages that ended "in or around the summer of 2013," more than four (4) years prior to the filing of their initial Complaint on August 25, 2017.  Am. Compl. ¶ 14.  Counts I and II are based on 42 U.S.C. § 1983, which claims have, at most, a three (3) year statute of limitations.  See Ricks v. City of Winona, 858 F. Supp. 2d 682, 692 (N.D. Miss. 2012) ("[T]he statute of limitations imposed by Section 1983 is three years; the statute of limitations imposed by state law is one year.  Because the incident at issue occurred in 2006 and this claim

was brought in 2011, the claim is time-barred under both Section 1983 and state law."). Counts I and II are, thus, due to be dismissed as barred by the statute of limitations.

Notably, and as to Counts I and II, Plaintiffs do not even allege, as it does in Counts III and IV, that "Plaintiffs did not make a claim … sooner because it was understood between the parties that the City would fully compensate the Plaintiffs once the funds became available." See Am. Compl. ¶¶ 49 & 54 (concerning Counts III and IV).  Thus, the discussion pertaining to this additional allegation as to Counts III and IV are not applicable to Counts I and II.  Counts I and II are due to be dismissed as barred by the statute of limitations, and this Motion to Dismiss is due to be **granted**.

### B.  COUNTS III and IV

Count III alleges a violation of the Fair Labor Standards Act.  "A FLSA claim is ordinarily subject to a two-year limitations period, but if the plaintiff can demonstrate that the violation was willful, then the limitations period is extended to three years." Mohammadi v. Nwabuisi, 171 F. Supp. 3d 545, 550 (W.D. Tex. 2016), aff'd, 673 F. App'x 443 (5th Cir. 2017) (*citing* 29 U.S.C. § 255(a) and Mohammadi v. Nwabuisi, 605 Fed. App'x 329, 332 (5th Cir. 2015)).  Again, even if the Court was to accept the inflammatory allegations of Plaintiffs' Amended Complaint as true for purposes of imposing a three-year limitations period, a FLSA claim has expired.

Similarly, the statute of limitations for a breach of contract claim under Mississippi law is three (3) years.  See Griffin v. HSBC Mortg. Servs., Inc., No. 4:14-cv-00132-DMBJMV, 2016 WL 1090578, at *4 (N.D. Miss. Mar. 18, 2016) ("Causes of action for breach of contract are subject to the three-year statute of limitations set forth in Mississippi Code Annotated section 15-1-49[.]").

"[T]he purpose of statutes of limitations is to prevent surprises 'through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and

witnesses have disappeared.'" Am. Pipe & Const. Co. v. Utah, 414 U.S. 538, 561 (1974) (quoting Order of Railroad Telegraphers v. Railway Express Agency, 321 U.S. 342 (1944)).  This case presents a quintessential example of such slumbering.  Defendant City need not delve into the mud-slinging actions of Plaintiffs as to their reasons for bringing this suit – even their own allegations defeat their claims.

Plaintiffs cannot sit back on their potential claims, wait until elected officials with whom they disagree are seated, and only then, assert claims that are more than four (4) years old. Plaintiffs do not suggest that they sought their "unpaid wages and salary" at an earlier time, and in fact, they obstinately refused all offers to be paid sooner.  For purposes of this motion, however, the Court may limit its review to the face of the Amended Complaint:  Plaintiffs state clearly that they first sought any unpaid wages in July 2017, more than four (4) years after the alleged wages and salary were earned.  Plaintiffs may not now revive any potential claim they may have had more than four (4) years ago.  To do so would mean that any former employee may, under FLSA, revive any claim – no matter how old – if the former employee later believes that subsequent employees are provided a benefit to which the former employee did not receive.  Neither law nor equity allows such, the statute of limitations prevents it, and Count III should likewise be **dismissed** as barred by the statute of limitations.

As to Plaintiffs' assertion that it was "understood between the parties that the City would fully compensate the Plaintiffs once the funds became available," the City of Lumberton is a governmental entity.  Under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), asserting an ambiguous understanding, without facts upon which is may be ascertained, is insufficient to survive a motion to dismiss.  Plaintiff does not allege that there was an agreement between the parties, but even if the allegation of it being "understood" is enough to suggest an agreement (which the City rejects), it still does not overcome the fact that Plaintiffs did nothing during the

viable limitations period to assert their "right" to wages based on an alleged understanding. Plaintiffs do not allege that they submitted a claim for wages every year or at any time during the limitations period to determine if "funds became available." Rather, Plaintiffs did nothing to assert their rights until officials were elected of which Plaintiffs vehemently oppose – sadly. Any claims they may have had for wages are time-barred, and this Motion to dismiss is due to be granted.

WHEREFORE, Defendant City of Lumberton prays that the Court **grant** this Motion to Dismiss, award Defendant City of Lumberton its costs of litigation, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. § 1988 (federal claims) and Miss. Code Ann. § 11-55-5 (state law claim), and grant other such relief to which the City of Lumberton may be entitled in defending this frivolous lawsuit.

Dated this 6th day of November, 2017.

**Respectfully submitted,**

THE SIMS LAW FIRM

*/s/ Lanesha L. Sims*
Lanesha L. Sims, Esq.
MS Bar No. 102497
107 Walter Payton Drive #123
Columbia, MS 39429
Phone: (904) 646-7777
Fax: (601) 336-4495
Email: TheCaringLawyer@gmail.com
*Attorney for Defendant City of Lumberton*

## CERTIFICATE OF SERVICE

I, Lanesha Sims, Esq., hereby certify that on this 6th day of November, 2017, a copy of the foregoing Motion to Dismiss Amended Complaint was filed with the Court's ECF filing system, which will provide notice to Plaintiffs' counsel as follows:

>Daniel M. Waide, Esq.
>Johnson, Ratliff, & Waide, PLLC
>1300 Hardy Street
>P.O. Box 17738
>Hattiesburg, MS  39404
>E: dwaide@jhrlaw.net

>*/s/ Lanesha L. Sims*
>Lanesha L. Sims, MS Bar #102497