IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**TOMMY DUKES,** *et al.,*                                                              **PLAINTIFFS**

**v.**                                                 **CIVIL ACTION NO. 2:17-CV-150-KS-MTP**

**CITY OF LUMBERTON**                                                              **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** Defendant's Motion to Dismiss [13] Plaintiffs' Amended Complaint.

### I. BACKGROUND

Plaintiffs are former elected officials of the City of Lumberton, Mississippi. They allege that the City refused to pay them back wages owed from 2010 through 2013. They also allege that the City failed to make payments into Mississippi's Public Employees' Retirement System ("PERS") on their behalf. They filed this suit, asserting claims under 42 U.S.C. § 1983 and the Fair Labor Standards Act ("FLSA"), as well as a breach of contract claim. Defendant filed a Motion to Dismiss [13], which the Court now addresses.

### II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must

be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### III. DISCUSSION

Defendant argues that each claim asserted in the Amended Complaint is barred by the applicable statute of limitations.

#### A.  *Counts I and II*

Counts I and II are Section 1983 claims. "The statute of limitations for Section 1983 claims is the forum state's personal-injury limitations period . . . ." *Smith v. Regional Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016); *see also Walker v. Epps*, 550 F.3d 407, 415 (5th Cir. 2008). Therefore, Section 1983 claims must be filed in Mississippi "within three (3) years next after the cause of such action accrued, and not after." MISS. CODE ANN. § 15-1-49. A Section 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Smith*, 827 F.3d at 421. Therefore, "the limitations period begins when the plaintiff is in

possession of the critical facts that he has been hurt and who has inflicted the injury." *Id.*

Plaintiffs allege that the City failed to pay them wages owed from 2010 through 2013, but that "it was understood between the parties that the City would fully compensate the Plaintiffs once the funds became available." Amended Complaint at 7, *Dukes v. Lumberton*, No. 2:17-CV-150-KS-MTP (S.D. Miss. Oct. 26, 2017), ECF No. 12. However, according to Plaintiffs, the City refused to honor this alleged agreement in July 2017, although it paid other former City officials. *Id.* at 2-3. Plaintiffs allege that the City's breach of the alleged agreement is because "the City's Board of Alderman has personal agendas with the former board members . . . ." *Id.* at 3. Plaintiffs also allege that the City failed to make proper payments into PERS, that it refuses to correct the error, and that they just learned of the PERS problems within the past year. *Id.*

To the extent Plaintiffs' alleged injury is Defendant's failure to pay owed wages from 2010 to 2013, their Section 1983 claims are barred by the applicable statute of limitations. A plain reading of Plaintiffs' Amended Complaint suggests that Plaintiffs knew at the time they were not being paid what they were owed. "[T]he limitations period begins when the plaintiff is in possession of the critical facts that he has been hurt and who has inflicted the injury." *Smith*, 827 F.3d at 421. Plaintiff initiated this action on August 25, 2017. Therefore, any Section 1983 claim accruing from 2010 to 2013 would be barred by the three-year statute of limitations.

However, to the extent Plaintiffs' alleged injury is the breach of an agreement

to pay them back wages at some point after 2013, their Section 1983 claims are not barred by the applicable statute of limitations.[1] According to their pleading, they learned of this alleged breach within the past several months. Likewise, they learned of the City's failure to make PERS payments within the past year. A Section 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Smith*, 827 F.3d at 421. Therefore, Plaintiffs' Section 1983 claims arising from Defendant's failure to pay into PERS and Defendant's alleged breach of an agreement to pay them back wages are not barred by the three-year statute of limitations.

**B.   FLSA**

Defendant also argues that Plaintiff's FLSA claim is barred by the applicable statute of limitations. "Generally, FLSA claims are subject to a two-year statute of limitations," but "the limitations period is three years for willful violations." *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 248 (5th Cir. 2016) (citing 29 U.S.C. § 255(a)). An FLSA claim "accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Halferty v. Pulse Drug Co., Inc.*, 821 F.2d 261, 271 (5th Cir. 1987). Plaintiffs alleged that Defendant willfully failed to pay them owed wages from 2010 to 2013; they filed the Amended Complaint on August 25, 2017 – over three years after

---

[1] To be clear, the Court is not addressing – because Defendant made no argument to this effect in their initial brief – whether this claim is even cognizable under the sections of the Constitution cited by Plaintiffs in the Amended Complaint.

the last work period for which wages are claimed.

Plaintiffs argue that Defendant is equitably estopped from arguing that the statute of limitations has run on their FLSA claim. "Equitable estoppel prevents a defendant from asserting a limitations defense when its conduct induced or tricked a plaintiff into allowing a filing deadline to pass." *Sandoz v. Cingular Wireless, LLC*, 700 F. App'x 317, 321 (5th Cir. 2017). "[I]t typically applies only when a defendant makes a definite misrepresentation of fact to another person having reason to believe that the other will rely upon it, and the person does, in fact, reasonably rely." *Id.*

Plaintiffs alleged that they did not make a claim sooner because "it was understood between the parties that the City would fully compensate the Plaintiffs once the funds became available." Amended Complaint [12] at 7. However, according to Plaintiffs, the City has since refused to honor the agreement, in spite of paying the back wages of other former City officials. *Id.* at 2-3. Plaintiffs alleged that "the City's Board of Alderman has personal agendas with the former board members," and that its members are "using their positions on the board to deprive the Plaintiffs of their property," *id.* at 3, "as means to punish Plaintiffs . . . ." *Id.* at 4. Construing these allegations in the light most favorable to Plaintiffs, the Court concludes that they are sufficient to support the application of equitable estoppel.

## C.     *Breach of Contract*

Breach of contract claims are subject to the three-year statute of limitations of MISS. CODE ANN. § 15-1-49. *Levens v. Campbell*, 733 So. 2d 753, 758 (Miss. 1999);

*Wallace v. Greenville Public Sch. Dist.*, 142 So. 3d 1104, 1106 (Miss. Ct. App. 2014). A breach of contract claim "accrues at the time of the breach, regardless of the time when the damages from the breach occurred." *Wallace*, 142 So. 3d at 1107; *see also First Trust Nat'l Ass'n v. First Nat'l Bank of Commerce*, 220 F.3d 331, 334 (5th Cir. 2000).

Plaintiffs' breach of contract claim arises from Defendant's failure to pay wages in 2010-2013. For the same reasons provided above, the Court finds that Plaintiffs pleaded sufficient facts to support the application of equitable estoppel.

### IV. CONCLUSION

For these reasons, the Court **grants in part and denies in part** Defendant's Motion to Dismiss [12] Plaintiffs' Amended Complaint. Specifically, the Court grants the motion with respect to Counts I and II of the Amended Complaint to the extent that Plaintiffs' alleged injury is Defendant's failure to pay owed wages from 2010 to 2013. The Court denies the motion in all other respects.

SO ORDERED AND ADJUDGED this 13th day of December, 2017.

                                          /s Keith Starrett
                                            KEITH STARRETT
                                            UNITED STATES DISTRICT JUDGE