# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**TOMMY DUKES, *et al.*,**                                    **PLAINTIFFS**

**v.**                                  **CIVIL ACTION NO. 2:17-CV-150-KS-MTP**

**CITY OF LUMBERTON**                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** Defendant's Motion for Partial Summary Judgment [19] and **denies** Defendant's Motion for Summary Judgment [47].

## I. BACKGROUND

The Court discussed the background of this case in a previous opinion. *See Dukes v. Lumberton*, No. 2:17-CV-150-KS-MTP, 2017 WL 6373982 (S.D. Miss. Dec. 13, 2017). Plaintiffs are former elected officials of the City of Lumberton, Mississippi. They allege that the City refused to pay them back wages, and that the City failed to make payments into Mississippi's Public Employees' Retirement System ("PERS") on their behalf. Plaintiffs contend that "it was understood" that Defendant would fully compensate them once funds became available, but once funds became available, Defendant refused to pay them, while paying other employees. They filed this suit, asserting claims under 42 U.S.C. § 1983 and the Fair Labor Standards Act ("FLSA"), as well as a breach of contract claim.

Defendant filed a Motion to Dismiss [13], which the Court granted in part and

denied in part. *Id.* Specifically, the Court held that any Section 1983 claims accruing from 2010 to 2013 are barred by the applicable statute of limitations, but that any Section 1983 claims arising from the City's alleged breach of an agreement to pay them back wages and the City's failure to make PERS payments are not barred. *Id.* at *2. The Court also held that Plaintiffs pleaded sufficient facts to support the application of equitable estoppel with respect to the statute of limitations on their FLSA claims. *Id.* Finally, the Court held that Plaintiffs had pleaded sufficient facts to support the application of equitable estoppel with respect to the statute of limitations on their breach of contract claims. *Id.* at *3.

Defendant filed a Motion for Partial Summary Judgment [19] as to Counts I and II of the Amended Complaint – Plaintiffs' due process and equal protection claims. It also filed a Motion for Summary Judgment [47] as to Counts III and IV of the Amended complaint – Plaintiffs' FLSA and breach of contract claims – on the basis of sovereign immunity.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to

return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. MOTION FOR PARTIAL SUMMARY JUDGMENT [19]

In its first motion, Defendant provided no evidence. Instead, it made purely legal arguments. First, in Count I of the Amended Complaint, Plaintiffs allege that Defendant violated rights secured by the due process clause of the Fourteenth Amendment by refusing to pay their back wages without due process. Plaintiffs contend that the refusal to pay back wages constitutes a deprivation of property.

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law . . . ." U. S. CONST. amend. XIV, § 1. There can be no deprivation of due process[1] in the absence of a protected property right or liberty interest. *See, e.g. Johnson v. Rodriguez*,

---

[1] Plaintiffs have not clarified whether they are claiming a deprivation of procedural or substantive due process.

110 F.3d 299, 308 (5th Cir. 1997); *DePree v. Saunders*, No. 2:07-CV-185-KS-MTP, 2008 WL 4457796, at *7 (S.D. Miss. Sept. 30, 2008), *aff'd*, 588 F.3d 282 (5th Cir. 2009). "Constitutionally protected property interests are created and defined by understandings that stem from an independent source such as state law . . . ." *DePree*, 588 F.3d at 289.

Defendant argues that "claims for wages are provided by contract law and legislation," rather than the Constitution. In Count I, Plaintiffs have not asserted a FLSA claim for back wages. Rather, Plaintiffs allege that they had an agreement with Defendant to defer payment of wages until the funds were available, and that Defendant breached the agreement by refusing to pay their back wages once the funds became available. The parties have not addressed in briefing whether this alleged agreement created a property interest under state law. Therefore, the briefing is insufficient, and the Court declines to address this aspect of Defendant's motion.

Next, Defendant argues that Plaintiffs failed to allege a policy or custom that caused the alleged injury. For a municipality to be liable under Section 1983, a plaintiff must prove three elements: "(1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy or custom." *Mason v. Lafayette Ciy-Parish Consol. Gov't*, 806 F.3d 268, 280 (5th Cir. 2015).

Plaintiffs alleged that the Board of Aldermen – a final policy and decision maker for the City – decided to refuse to uphold the agreement to pay the back wages once funds became available.

When a municipality's final policy and decision maker in a single action

> directly and intentionally deprives a person of a federal constitutional right, . . . the person need not show that a policy or custom caused his injury in order to recover. In such a case, the municipality's action is deemed to be the direct cause or moving force behind the deprivation of right and injury.

*Coggin v. Longview Indep. Sch. Dist.*, 289 F.3d 326, 333 (5th Cir. 2002). "To prove liability under the single-incident exception, a plaintiff must at least show (1) that the defendant acted with deliberate indifference by disregarding a known or obvious consequence of his action and (2) that there is a direct causal link between the defendant's action and the deprivation of federal rights." *Waltman v. Payne*, 535 F.3d 342, 350 (5th Cir. 2008). Assuming that the alleged agreement to defer payment of wages created a property interest under state law, Plaintiffs' allegations are sufficient to state a plausible Section 1983 claim under the single-incident exception.

In Count II of the Amended Complaint, Plaintiffs allege that Defendant violated rights secured by the equal protection clause of the Fourteenth Amendment by denying their claims for back wages while paying the back wages of three similarly-situated persons. Among other things, Defendant argues that Plaintiffs failed to allege that Defendant's actions were motivated by a discriminatory purpose. Plaintiffs did not address this argument in response.

To state an equal protection claim, Plaintiffs must allege sufficient facts to demonstrate "that [they] received different treatment from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001). Plaintiffs did not allege any facts indicating that Defendant's actions were motivated by discriminatory intent.

5

Rather, Plaintiffs alleged that Defendant's Board of Aldermen "has personal agendas" with them, and has "utter contempt for the Plaintiffs and their personal success in life and in their careers." These allegations are not sufficient to allege discriminatory intent. Accordingly, the Court grants Defendant's motion as to Count II, Plaintiffs' equal protection claim.[2]

## IV. MOTION FOR SUMMARY JUDGMENT [47]

In its second motion, Defendant once again presented legal arguments, although it presented evidence for the purpose of clarifying Plaintiffs' claims. First, Defendant argues that it is entitled to sovereign immunity from liability under the FLSA. "The Eleventh Amendment codified the sovereign immunity of the several states." *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014) (citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997)). Where sovereign immunity applies, a private citizen is precluded from suing a state in federal court. *Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). Both state and federal claims are barred if sovereign immunity applies. *Id.* at 328-29. However, sovereign immunity is not unlimited. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 593-94 (5th Cir. 2006). "First, states are immune from suit only in the absence of their consent." *Id.* at 593. "Second, state sovereign immunity prohibits

---

[2]In the Amended Complaint, Plaintiffs suggested that they constitute a "class of one" for equal protection purposes. The "class of one" theory of equal protection does not apply in the public employment context. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 128 S. Ct. 2146, 170 L. Ed. 2d 975 (2008); *Integrity Collision Ctr. v. City of Fulshear*, 837 F.3d 581, 586 (5th Cir. 2016).

private suits against States, but not against lesser entities." *Id.* at 594. Finally, "Congress may abrogate States' immunity from suit pursuant to its powers under § 5 of the Fourteenth Amendment." *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30, 35, 132 S. Ct. 1327, 182 L. Ed. 2d 296 (2012).

Defendant is correct insofar as "sovereign immunity prevents an individual from bringing an action against a state in federal court for violation of certain provisions of the FLSA." *McNair v. State of Mississippi*, 43 F. Supp. 3d 679, 686 (N.D. Miss. 2014). But sovereign immunity "does not extend to suits prosecuted against municipalities or other governmental entities that are not considered arms of the state." *Black*, 461 F.3d at 594. Therefore, Defendant is not entitled to sovereign immunity from suit under the FLSA.

Defendant also argues that Count IV of Plaintiffs' complaint – a breach of contract claim under state law – should be dismissed because the Mississippi Tort Claims Act ("MTCA") grants immunity for breach of an implied term or condition of any contract. In response, Plaintiffs contend that Defendant is misconstruing their claim. The Court agrees with Plaintiffs. Plaintiffs did not assert a claim for breach of an implied employment contract or breach of an implied term of said contract. Rather, Plaintiffs asserted a claim for breach of the express terms of a verbal or unwritten contract. While the MTCA maintains the sovereign immunity of the State and its political subdivisions against claims for claims of "breach of implied term or condition of any warranty or contract," MISS. CODE ANN. § 11-46-3(1), its provisions do not apply to "actions for breach of the express terms of a contract." *Idom v. Natchez-Adams Sch.*

*Dist.*, 115 F. Supp. 3d 792, 805-06 (S.D. Miss. 2015) (citing *Simpson v. Alcorn State Univ.*, 27 F. Supp. 3d 711, 719-20 (S.D. Miss. 2014)). Therefore, the MTCA does not bar Plaintiffs' breach of contract claim.[3]

## V. CONCLUSION

For the reasons below, the Court **grants in part and denies in part** Defendant's Motion for Partial Summary Judgment [19] and **denies** Defendant's Motion for Summary Judgment [47]. The Court grants Defendant's Motion for Partial Summary Judgment [19] as to Count II of the Amended Complaint, Plaintiffs' equal protection claim, but the Court denies the motions in all other respects.

SO ORDERED AND ADJUDGED this 3rd day of April, 2018.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[3] Defendant argues in reply that Plaintiffs have no evidence that such a contract existed. The Court does not address arguments presented for the first time in reply. *Wallace v. County of Comal*, 400 F.3d 284, 292 (5th Cir. 2005).